[No. 42688. En Banc. May 17, 1973.]

THE DEPARTMENT OF HIGHWAYS, *Petitioner*, v. KING COUNTY CHAPTER, WASHINGTON ENVIRONMENTAL COUNCIL, *et al.*, *Respondents.*

*Slade Gorton, Attorney General, Thomas R. Garlington* and *Robert M. McIntosh, Assistants,* for petitioner.

*J. Richard Aramburu,* for respondents.

*Slade Gorton, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *Robert V. Jensen, Assistant,* amicus curiae.

ROSELLINI, J.—Pursuant to the provisions of the Shoreline Management Act of 1971 (RCW 90.58), the State Department of Highways (petitioner herein) applied for and on January 20, 1972, received from the City of Seattle a substantial development permit to undertake the construction of a portion of a proposed third Lake Washington bridge which crosses the statutorily designated shoreline management zone located within the city's jurisdiction.

The respondents in this action filed a request with the Shorelines Hearings Board for review of the order granting the permit, as provided in RCW 90.58.180. Also acting according to the directions of that section, they filed a copy of the request with the Department of Ecology and the Attorney General. The Department of Ecology certified that the respondents had valid reasons to seek review.

Over the objection of the petitioner that the respondents were not persons aggrieved within the meaning of RCW 90.58.180, the board conducted hearings at which testimony was presented with regard to the respondents' contentions that the granting of the permit was incompatible with shoreline values, that there was insufficient consideration of alternatives to construction of the bridge in question, and that there was an insufficient understanding of the environmental impact surrounding the construction of the bridge on the shoreline. After hearing evidence presented by the petitioner and the City of Seattle, as well as by the respondents, and upon the submission of briefs by the parties, the board took the matter under advisement.

While the board had the appeal under consideration, the United States District Court for Western Washington ren-

dered a decision in the case of *Lathan v. Volpe,* 350 F. Supp. 262 (W.D. Wash. 1972), wherein the "adequacy" of the environmental impact statement prepared by the State Highways Department in connection with the proposed improvements to Interstate 90, under the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321, 4347, was challenged. The federal court held that in certain respects the statement was inadequate to meet the requirements of the federal act and ordered that a new environmental impact statement be developed. We are told that that decision has been appealed to the Ninth Circuit Court of Appeals.

Having been advised of the federal court decision, the Shorelines Hearings Board remanded the permit application to the City of Seattle, with directions that it reconsider its issuance of the permit in the light of the new impact statement which had been ordered by the federal court.

Pursuant to its interpretation of RCW 90.58.180(3), the petitioner applied to the Superior Court for King County for review of the order. The respondents moved to dismiss the petition upon two grounds, first, that the proper jurisdiction of the petition for judicial review was in the Court of Appeals, and second, that the respondents were not proper parties to the proceedings in judicial review. On October 25, 1972, the superior court held that jurisdiction lay in the Court of Appeals. Because of this decision, the court did not reach the question of parties. The case was ordered transferred to the Court of Appeals.

On December 28, 1972, the petitioner requested that the matter be transferred to this court. Over the objection of the respondents we granted the request, to determine whether the superior court or the Court of Appeals is the proper tribunal in which to conduct the original judicial review of the order of the Shorelines Hearings Board.

The question arises because of a conflict existing between the review procedure provided in RCW 43.21B (the pollution control hearings board act) and that which is provided in RCW 34.04 (the administrative procedure act), both of

which procedures are incorporated by reference in the Shoreline Management Act of 1971 (RCW 90.58).

RCW 90.58.180(3) provides:

> The review proceedings authorized in subsections (1) and (2) of this section are subject to the provisions of chapter 34.04 RCW pertaining to procedures in contested cases. The provisions of chapter 43.21B RCW and the regulations adopted pursuant thereto by the pollution control hearings board, *insofar as they are not inconsistent with chapter 34.04 RCW,* relating to the procedures for the conduct of hearings and judicial review thereof, shall be applicable to all requests for review as provided for in subsections (1) and (2) of this section.

(Italics ours.)

RCW 34.04.010 includes within the definition of the word "agency" any state board authorized by law to adjudicate contested cases. The Shorelines Hearings Board is a state board authorized in RCW 90.58.180 to adjudicate contested cases. RCW 34.04.130 provides that judicial review of a final decision of a contested case can be had by any person aggrieved by the decision. It further provides:

> [S]uch person may not use any other procedure to obtain ʻjudicial review of a final decision, even though another procedure is provided elsewhere by a special statute or a statute of general application.

Subsection (2) of that section provides that proceedings for review shall be instituted by filing a petition in the superior court, within the prescribed time, and serving copies of the petition upon the agency and all other parties of record. Subsection (4) provides for the transmission of the record to the reviewing court, and subsection (5) provides:

> The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. The court shall, upon request, hear oral argument and receive written briefs.

The scope of review is defined in subsection (6).

RCW 34.04.140 provides:

> An aggrieved party may secure a review of any final judgment of the superior court under this chapter by appeal to the supreme court or the court of appeals. Such appeal shall be taken in the manner provided by law for appeals from the superior court in other civil cases.

Exclusions from the chapter or parts of the chapter are set forth in RCW 34.04.150. The Shorelines Hearings Board is not one of the agencies excluded. The section provides that all agencies other than those specifically excluded in that section shall be subject to the entire act.

Thus, appeals from the decisions of the Shorelines Hearings Board are governed by the administrative procedure act, according to the terms of the act. The legislature recognized its applicability and affirmed it in RCW 90.58.180(3). It clearly provides that judicial review of an order of an administrative board shall be obtained in the first instance in the superior court. This provision is in harmony with this court's decision in *North Bend Stage Line v. Department of Pub. Works*, 170 Wash. 217, 16 P.2d 206 (1932), holding unconstitutional an act of the legislature which gave a right of appeal direct to the Supreme Court from orders of the Department of Public Works respecting certificates of necessity and convenience.

This court said in that case that the jurisdiction of the Supreme Court and of the superior courts is defined in the constitution of this state. The import of that case is that Const. art. 4, §§ 4 and 6, render plain the constitutional intent to make the Supreme Court the court of general appellate jurisdiction, giving to it certain limited original jurisdiction, and to make the superior court the court of general original jurisdiction. The appellate jurisdiction of this court, we said, is jurisdiction over appeals in actions of a purely judicial nature, which have been determined in some judicial court established by the constitution or in pursuance thereof.

Citing and quoting *Winsor v. Bridges*, 24 Wash. 540, 64 P. 780 (1901), we held that jurisdiction to review actions of

administrative bodies, in the first instance, is in the superior court and that the legislature may not oust that court of such jurisdiction.

The rationality of our constitutional provisions giving the superior court original appellate jurisdiction over inferior tribunals finds support in a discussion by Professor Frank E. Cooper, of the University of Michigan, in volume 2 of *State Administrative Law* (1965), a research project of the American Bar Foundation and the University of Michigan Law School. Having noted that in early days it was commonplace to provide for the taking of administrative appeals to the state supreme court,[1] he states that a federal task force on legal services and procedure, appointed by President Hoover, had recommended that it would be desirable to give federal district courts jurisdiction to review administrative determinations because such a setup would be more convenient for the parties and more economical and that the district judges, being accustomed to hearing a wide variety of cases, were competent to deal with any legal problem. He further observed that the same approach was embodied in the Revised Model State Act, and said:

> The wisdom of this approach has been subscribed to by the legislatures of substantially all the states which have enacted general administrative procedure acts. Almost without exception such state statutes provide that appeals from agency determinations shall be taken to a trial court of general jurisdiction.
>
> These provisions for review at the trial court level, rather than by an appellate court, are significant. They afford the litigant who is aggrieved by an agency ruling a convenient, speedy, and economical method of obtaining judicial review. Further, experience has demonstrated that review at the trial court level is more efficient than is review by an appellate court.
>
> Trial judges can take more time than can appellate courts to explore carefully, with the assistance of counsel, the complexities of the administrative record and unravel the skeins of proof (which have an unfortunate

---

[1] Professor Cooper does not discuss the constitutional issues relating to jurisdiction but confines his remarks to the practical considerations involved in the choice of reviewing courts.

habit, in administrative proceedings, of becoming badly tangled). If a day or two is required to get at the heart of the case, this much time can be taken in a trial court (whereas in appellate courts, an hour or so is ordinarily all the time that is available).

What is more, the comparatively informal nature of trial court proceedings—permitting a judge thoroughly to master the case by asking searching questions of counsel and by taking proofs as to alleged irregularities in agency procedure not shown on the record—seems best calculated to assure the attainment of full and equal justice.

(Footnotes omitted.) 2 F. Cooper, *State Administrative Law* 612 (1965).

It appears evident that the legislature recognized, in formulating the provisions of the administrative procedure act, and the Shoreline Management Act of 1971, insofar as the latter incorporated those provisions, that the superior court is the only court which has original jurisdiction to review acts of administrative bodies. However, that body appears to have overlooked the constitutional provisions, and the cases of this court interpreting them, as well as the provisions of the administrative procedure act, when it enacted RCW 43.21B, the pollution control hearings board act, for it provided in RCW 43.21B.200 that an appeal may be taken from a decision of the board, rendered after a formal hearing, direct to the Court of Appeals "pursuant to the provisions of RCW 34.04.130(6)."

The reference to subsection (6) of RCW 34.04.130 appears to have been inadvertent, inasmuch as that paragraph deals only with the scope of review by the superior court of an administrative decision. But assuming the legislature meant to refer to RCW 34.04.130 in its entirety, the reference is at the least ambiguous, since there can be found in that section no mention of the Court of Appeals. An appeal cannot be taken to the Court of Appeals "pursuant" to RCW 34.04.130, since such an appeal is inconsistent with the provisions of that section. RCW 34.04.130(2) provides that review shall be had in the superior court, and subsection (1) declares that the procedure provided therein shall be exclusive.

 It is not necessary to decide in this case whether the legislature, in enacting RCW 43.21B.200, intended to supersede and repeal, by implication, that portion of RCW 34.04.130(1) which declares:

[S]uch person may not use any other procedure to obtain judicial review of a final decision, even though another procedure is provided elsewhere by a special statute or a statute of general application.

Nor are we faced with the question whether the legislature may provide for an appeal direct to the Court of Appeals from an administrative decision and thus oust the superior court of original jurisdiction to review decisions of inferior tribunals. There is an obvious conflict between the provisions of RCW 43.21B and RCW 34.04, in that one provides for an appeal to the Court of Appeals and the other provides for a petition for review addressed to the superior court. RCW 90.58.180(3) provides that where such a conflict exists, the provisions of the administrative procedure act shall control. We conclude, therefore, that original jurisdiction to review the order which is questioned in this case lies in the superior court.

 The parties, as well as the Department of Ecology,[2] have filed briefs upon a number of other procedural questions, as well as upon the merits, apparently with the expectation that this court would review the record made before the hearings board and decide the merits. While this

[2]RCW 90.58.180(2) provides that the Department of Ecology or the Attorney General may obtain review of any order granting a permit. This and other provisions in the act indicate that the legislature had in mind that the Department of Ecology and the Attorney General would have the duty of protecting the public interest. Presumably the department did not feel that the granting of the permit was contrary to the public interest, since it did not appeal the decision of the City of Seattle. The department makes only two arguments in its brief, one being that the Shorelines Hearings Board may invalidate permits on the ground that the environmental impact statement offered was not adequate, a question not before us at this time. The other position taken by the department is that the superior court is the proper tribunal to which an appeal should be taken from a final action of the hearings board, and that contention is herein sustained.

court may have the discretionary power of review under extraordinary circumstances (see *North Bend Stage Line v. Department of Pub. Works, supra*), this case can be speedily and properly processed only if the orderly procedure contemplated by the framers of the constitution is followed. The determination of the issues raised requires that the record made before the hearings board be put into proper shape for judicial review, and for this purpose testimony may be necessary. It also requires that that record be studied by the reviewing court. The superior court, which consists of one judge who hears one case at a time, is in a much better position to do this expeditiously than is the Supreme Court, which consists of nine justices, who function in an entirely different manner, hearing arguments on several cases in any one day, and studying the record and the law separately in chambers.

This court cannot properly shunt aside the problems of other litigants and sit down as a body to study a record and render a speedy decision, simply because the parties to a particular action feel that it is in their interest, or in the public interest, to so do. The orderly administration of justice is also in the public interest, and it is the first duty of this court to pursue that objective.

The superior court, on the other hand, is properly constituted to consider one case at a time. The record can be read and evidence taken where authorized by statute, and the court can render its decision without the necessity of writing an opinion for publication, which will affect other decisions and will not serve its proper purpose if it is not carefully researched, analyzed and considered. The superior court may deliver the right decision for the wrong reason. But it is the duty of an appellate court to make certain, insofar as it can, that its rationale is sound.

The experience of the courts has been that the superior court, in trying a case or reviewing a decision of a lower tribunal, resolves many questions to the satisfaction of both parties so that no further review is necessary. Seldom is every question raised in the superior court raised again on

appeal. Certainly we will not assume that the parties to this action will necessarily see fit to challenge every ruling which the superior court may make on remand.

We are mindful of the expense which the parties have incurred in preparing briefs in this court. We have no doubt, however, that the work which has been done on these briefs will be most useful in clarifying the issues before the superior court and assisting the court to reach its decision expeditiously.

Our decision is that the cause will be remanded to the superior court to review the record made before the Shorelines Hearings Board and pass upon the remaining contentions of the parties.

Neither party contended in this court that the cause should be remanded to the superior court, consequently each party shall pay its own costs.

It is so ordered.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.