[No. 990-2.  Division Two.  February 8, 1974.]

MAPLE LEAF INVESTORS, INC., *Appellant,* v. THE DEPARTMENT OF ECOLOGY, *Respondent.*

*Mark S. Clark* and *Hillis, Schell, Phillips, Cairncross, Clark & Martin,* for appellant.

*Slade Gorton, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *Wick Dufford, Assistant,* for respondent.

PETRIE, J.—Acting pursuant to provisions of RCW 43.21B.200,[1] Maple Leaf Investors, Inc., has filed a notice of

---

[1] RCW 43.21B.200 provides:

"Within thirty days after the final decision and order of the hear-

appeal to this court from a document entitled "Findings of Fact, Conclusions and Order" dated December 5, 1972, and signed by the three members of the Pollution Control Hearings Board. Neither party to this action disputes the alleged jurisdiction of this court to hear such appeals. Upon our own motion to dismiss, however, the following question is presented: Does the Court of Appeals have jurisdiction to hear and determine appeals made directly from a decision of the Pollution Control Hearings Board to this court? We hold that the legislature has not clothed the Court of Appeals with jurisdiction to entertain such appeals.

This court was authorized by and derives its power from Const. art. 4, § 30 (amendment 50) to the Washington State Constitution, and implementing legislation found in RCW 2.06. Article 4, section 30 provides in pertinent part:

(1) *Authorization.* In addition to the courts authorized in section 1 of this article, judicial power is vested in a court of appeals, which shall be established by statute.

(2) *Jurisdiction. The jurisdiction of the court of appeals shall be as provided by statute or by rules authorized by statute.*

(3) *Review of Superior Court.* Superior court actions may be reviewed by the court of appeals or by the supreme court as provided by statute or by rule authorized by statute.

. . .

ings board upon such an appeal has been communicated to the interested parties, or within thirty days after an appeal has been denied after a formal hearing, such interested *party aggrieved* by the decision and order of the hearings board *may appeal to the court of appeals* pursuant to the provisions of RCW 34.04.130(6). Such appeal may be perfected by filing with the clerk of the court of appeals a notice of appeal, and by serving a copy thereof by mail, or personally on the director of the department, and on the board. The hearings board shall serve upon the appealing party, the director, and any other party appearing at the hearings board's proceeding, and file with the clerk of the court before trial, a certified copy of the hearings board's official record which shall include the notice of appeal and other pleadings, testimony and exhibits, and the hearings board's decision and order which shall become the record in such case. No bond shall be required on appeals to the court of appeals or on appeals to the supreme court unless specifically required by the judge of the court of appeals." (Italics ours.)

(6) *Conflicts.* The provisions of this section shall supersede any conflicting provisions in prior sections of this article.

(Italics ours.)

As is readily seen from the language of subsection (2) of article 4, section 30, the jurisdiction of this court, except insofar as it is constitutionally mandated by subsection (3), is to be "provided by statute or by rules authorized by statute." We know of no statute which grants to any forum authority to confer or confine the jurisdiction of this court through rule-making power. Accordingly, our search for jurisdiction is limited to statutes enacted by the legislature. The only statute which purports *directly* to define the jurisdiction of this court is RCW 2.06.030. That statute, after granting to the Supreme Court authority to promulgate rules governing administration and procedure in this court, vested jurisdiction in this court in the following manner:

Subject to the provisions of this section, the court shall have exclusive *appellate jurisdiction in all cases* except . . . [five classifications] all of which shall be appealed directly to the supreme court . . .

(Italics ours.)

If, then, this court is to have jurisdiction through this statute to hear direct appeals from an administrative agency, it must be because the words emphasized in RCW 2.06.030, *supra,* namely "in all cases" include, within their meaning, "appeals" from an administrative agency, specifically the Pollution Control Hearings Board. We do not believe such an interpretation can be placed on RCW 2.06.030.

In *North Bend Stage Line, Inc. v. Department of Pub. Works,* 170 Wash. 217, 16 P.2d 206 (1932), the Supreme Court interpreted a statute purporting to confer upon that court jurisdiction to hear, directly, appeals from an administrative agency. The statute was found to be unconstitutional. The Supreme Court interpreted the constitutional

definition of its appellate jurisdiction (article 4, section 4 of the Washington State Constitution) in the following manner:

Now, recurring to the constitutional appeal jurisdiction of this court, we have seen that such jurisdiction is prescribed to be "in all actions and proceedings," with certain limited exceptions. *This, we are of the opinion, means appellate jurisdiction in "actions and proceedings" of a purely judicial nature, which have been determined in some judicial court established by the constitution or in pursuance thereof.*

(Italics ours.) *North Bend Stage Line, Inc. v. Department of Pub. Works, supra* at 222. Although the court in *North Bend* was construing a constitutional provision, and this court, in the instant case, a statutory provision—we are of the opinion the words "the court shall have exclusive appellate jurisdiction in all cases . . ." means *in all cases of a purely judicial nature.* Such an interpretation precludes, of course, an initial judicial review by this court of an order of an administrative agency.

■■ This is not to say the legislature cannot, by a proper statutory grant, provide this court with jurisdiction to hear appeals made directly from an administrative agency. Both parties hereto suggest that RCW 43.21B.200 is at least an *indirect* grant of jurisdiction to this court to entertain an initial judicial review of a decision of the Pollution Control Hearings Board. Indeed, a recent decision of the Supreme Court appears to accept, as a basic premise, the proposition that the jurisdictional limits of this court may be altered by means other than by direct amendment to RCW 2.06.030. *Department of Highways v. King County Chapter, Wash. Environmental Council,* 82 Wn.2d 280, 510 P.2d 216 (1973). Accordingly, for purposes of this opinion only, and without deciding the issue in any manner, we accept the proposition that the statute upon which the parties rely does not run afoul of Const. art. 2, § 37 of the state constitution, which provides: "No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full

length." *See,* however, *Bellingham v. Hite,* 37 Wn.2d 652, 225 P.2d 895 (1950); *Swedish Hosp. v. Department of Labor & Indus.,* 26 Wn.2d 819, 176 P.2d 429 (1947).

Additionally, we also assume, without deciding, that RCW 43.21B.200 is not merely procedurally declarative of how and when an appeal may be taken and perfected, but rather that it truly constitutes a legislative attempt to confer upon this court initial power to review a particular type of administrative decision without the necessity of an initial review by the superior court.

Granted these two attributes, both of which are necessary to support a direct appeal to this court, then the statute runs directly contrary to the basic scheme of the administrative procedures act, RCW 34.04, and is hopelessly repugnant to a companion statute, RCW 43.21B.180, which, insofar as pertinent, provides:

> Judicial review of a decision of the hearings board shall be de novo except when the decision has been rendered pursuant to a formal hearing elected under the provisions of this 1970 act, in which event judicial review may be obtained *only* pursuant to RCW 34.04.130 and RCW 34.04.140.

(Italics ours.)

The reference to judicial review "only pursuant to RCW 34.04.130 . . ." necessarily implies a legislative intent to provide judicial review consistent with the administrative procedures act, which is initiated by filing a petition for review in the *superior court* either in Thurston County or in the county of petitioner's residence, his place of business, or where he owns property affected by the decision which he seeks to have reviewed.

In the face of such an open and apparent repugnancy, we must hold that any attempt to vest additional jurisdiction in this court has failed completely. Conference of jurisdiction upon this or any court to entertain certain classifications of appeals is a formal act which must rest upon a much firmer foundation than that which was attempted in RCW 43.21B.

██ Although we base our opinion solely upon the legal

considerations herein contained, we deem it not inappropriate to note, as did the court in *Department of Highways v. King County Chapter, Wash. Environmental Council, supra,* certain policy considerations which mitigate against a legislative intent to expand the reviewing authority of this court. Review of administrative decisions in the informal manner permitted by one judge at the superior court level is not only more efficient than complying with the formalities inherent in a review by a three judge panel at the Court of Appeals level, but is also a more effective— even a more efficacious—method of resolving disputes between the parties. Additionally, we note that in the brief period since creation of the Court of Appeals (under the limited jurisdiction conferred by RCW 2.06.030) the annual volume of appellate intake of cases of purely a judicial nature has increased in excess of 76 percent. *See Sixteenth Annual Report Relating to Judicial Administration in the Courts,* 66 (1972). As indicated therein by the Administrator for the Courts:

Such continued growth in the case load must inevitably result in a progressive deterioration in the administration of justice unless compensated by an adequate increase in the capability of the appellate court system.

The capability of the appellate court system has increased and continues to increase substantially, but imposition of increasing burdens does not appear appropriate at the present time.

Ordinarily, of course, our decision would require dismissal of this appeal, in which case the petitioning party would be left with no forum in which to seek timely review of the decision of the Pollution Control Hearings Board. In view of all the circumstances, such a disposition would be unconscionable. Instead, we remand this matter to the superior court, and at petitioner's request, set venue in King County. Neither party shall be awarded costs herein.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied March 14, 1974.

Review denied by Supreme Court April 30, 1974.