IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | No. 34226-3-III |
| DOROTHY C. MILLER, | ) | |
| Deceased. | ) | UNPUBLISHED OPINION |

KORSMO, J. — William (Bill) Miller appeals from rulings related to his eviction from a house formerly owned by his mother that became part of her estate. Concluding that there was no error below, we affirm the trial court and award the estate some of its fees on appeal.

## FACTS

Dorothy Miller passed away in 2011, leaving her estate to her three children: John Miller, Bill Miller, and Lori Montgomery. Each of the boys was to receive 40 percent of the estate, with their sister to receive the remainder. The primary assets of the estate included three houses in Walla Walla. After his mother's death, Bill Miller moved into the house on University Street. Bill and John were named personal representatives.[1]

---

[1] Since the sons share the same surname, we will refer to them where necessary by their first names. William Miller signs his pleadings as Bill Miller, so will use that name in this opinion.

Bill resigned as personal representative after it was discovered that he was using estate funds to pay some of his personal expenses. John continued as the sole personal representative. The estate was able to sell two of the houses and offered to sell Bill the University Street house for $152,000. When Bill had not secured financing after four months, John initiated an unlawful detainer action in July 2014. John suspended the action upon Bill's request that he receive additional time to secure financing.

Three months later, Bill still had not even applied for financing, so John returned to court. Bill eventually applied for a loan, but did not receive a preliminary loan commitment. The court ordered Bill to vacate the residence by March 31, 2015. Bill ignored the deadline and John obtained another writ of restitution. When the sheriff served the writ, it was discovered that tenants were living in the house. The court then ordered Bill to pay back rent and turn over any rent received from the tenants to the estate. Bill was removed from the house and the property ultimately was sold.

John sought to have the expenses of the action taken from Bill's share of the estate. The trial court found that Bill had resisted reasonable attempts to be removed from the house and engaged in intransigent conduct. The court ordered on February 29, 2016, that the estate's fees and costs would be deducted from Bill's share of the estate. The award included attorney fees of $4,707.50 related to probate proceedings, $6,607.50 in attorney fees for the unlawful detainer action, and another $3,260.20 in costs related to the unlawful detainer.

2

Bill filed a motion for reconsideration 10 days later. The court denied the motion on March 17 without requiring argument. Bill then filed an appeal to this court on March 29, 2016.

## ANALYSIS

Bill argues that the court erred in awarding the costs against his share of the estate and in denying reconsideration. The estate seeks costs on appeal. We address Bill's two arguments in the order noted before turning to the estate's claim.

*Costs Against Bill's Share of the Estate*

Bill argues that the trial court erred in assessing the costs incurred by the estate against his share of the inheritance. That was a common, and totally appropriate, action for the judge to make. There was no abuse of the trial court's discretion.

By statute, the judge is authorized to assign costs of estate administration, including litigation expenses. RCW 11.96A.150(1)(c) provides in part that

> the court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

The statute squarely recognizes that trial judges have discretion in their authority to act equitably. Accordingly, the appellate courts consistently have reviewed attorney fee awards under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A

3

RCW, for abuse of discretion. *See, e.g., In re Guardianship of Lamb*, 173 Wn.2d 173, 198, 265 P.3d 876 (2011) ("The express language of RCW 11.96A.150 leaves attorney fee awards in cases resolving guardianship disputes to the court's discretion. The statute allows a court considering a fee award to consider any relevant factor."); *In re Estate of Black*, 153 Wn.2d 152, 173, 102 P.3d 796 (2004). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, the trial court found that Bill did not act in good faith when he failed to vacate the house after the court ordered him to do so, did not pay rent for the time spent living in the University Street house, failed to procure financing to purchase the house, and allowed others to live there without informing the estate. These actions were to the detriment of the estate. It was unable to make use of the property for several years while Bill treated the property as his own. The estate then had to expend close to $15,000 to remove Bill from the property.

Directing Bill to reimburse the estate for some of the costs he had imposed on it was a very tenable basis for ruling. Taking that money from his share of the estate ensured repayment. The trial court did not abuse its considerable discretion in these circumstances.

*Denial of Reconsideration*

Bill next argues that the trial court erred in denying reconsideration. Since he provided no new evidence or argument in support of his motion, the trial court did not err.

This court also reviews a trial court's decision on a motion for reconsideration for abuse of discretion. *Lilly v. Lynch*, 88 Wn. App. 306, 321, 945 P.2d 727 (1997). Once again, there was a very tenable basis for the trial court ruling as it did. The motion for reconsideration presented nothing *new* for the trial court's consideration. At a minimum, a reconsideration motion should be able to point to something overlooked in the court's original analysis. *E.g.*, *ABC Holdings, Inc. v. Kittitas County*, 187 Wn. App. 275, 287, 348 P.3d 1222 (2015). *See generally*, CR 59(a).

That was not done here. Although Bill reargued his position, giving the trial court a second opportunity to see the facts as he saw them, the trial court was not compelled to return a different result simply because it was given an opportunity to do so. As there was no new reason to change its mind, the trial court could not have abused its discretion when it declined to do so.

The trial court did not err in denying reconsideration.

*Costs on Appeal*

The estate seeks its costs, including reasonable attorney fees, for the defense of this appeal. RAP 18.1; RCW 11.96A.150(1). These costs are available on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 20-21, 93 P.3d 147 (2004).

No. 34226-3-III
*In re Estate of Miller*

It is appropriate to award costs in this instance. The estate incurred significant costs due to Bill's intransigence. It should not have to lose money to defend that cost award on appeal.

Accordingly, we award the estate its costs related to the preparation of its brief on appeal. No costs are allowed for the unsuccessful challenge to Bill's appeal that previously was litigated before our Commissioner. In the event that the estate makes a proper and timely claim for costs, our Commissioner is empowered to award reasonable costs, including attorney fees, to be paid from Bill's share of the estate.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

6