**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE GLENROSE ASSOCIATION, | ) | No. 38376-8-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| SPOKANE COUNTY and SPOKANE | ) | |
| YOUTH SPORTS ASSOCIATION, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. —A superior court's subject matter jurisdiction to decide particular types of cases is grounded in the Washington State Constitution. Under article IV, section 6 of the state constitution, superior courts have broad jurisdiction over most original court actions. They also have appellate jurisdiction over cases from inferior courts[1] and jurisdiction over various types of writs. With the exception of appeals from inferior courts and writs of habeas corpus filed by persons in custody, a superior court's subject matter jurisdiction extends throughout Washington.

The current case involves an action under the Land Use Petition Act (LUPA), chapter 36.70C RCW. There is no dispute that superior courts enjoy subject matter

---

[1] "Inferior courts" is the term used in our constitution, and therefore will be used in this opinion.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

jurisdiction over LUPA petitions. The issue before us is whether the type of jurisdiction exercised by the superior court is subject to constitutional restrictions on the county of origin.

Our case law makes clear that a superior court's subject matter jurisdiction over administrative and agency matters, such as LUPA petitions, stems from the constitutional authority over writs of certiorari. This authority is not subject to any geographic restriction. Thus, superior courts throughout the state share subject matter jurisdiction over LUPA petitions. The Lincoln County Superior Court erred when it found that it lacked subject matter jurisdiction to review a LUPA petition arising out of a hearing examiner's decision in Spokane County. We therefore reverse the order of dismissal and remand for further proceedings.

BACKGROUND

This case primarily turns on a question of law. Our recitation of the facts and procedural background is therefore brief.

The Spokane Youth Sports Association (SYSA) proposed a sports complex in Spokane's Glenrose neighborhood. The local neighborhood association, The Glenrose Association (Glenrose) opposed the proposal and requested a zoning code review. The Spokane County Building and Planning Department found the sports complex was an

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

allowed use. This determination was affirmed on appeal to the Spokane County hearing

examiner.

Glenrose subsequently filed a land use petition in Lincoln County Superior Court

challenging the Spokane hearing examiner's decision. SYSA moved for dismissal,

arguing Lincoln County did not have jurisdiction over a Spokane County land use dispute.

The Lincoln County Superior Court agreed and dismissed the petition.

Glenrose has filed a timely appeal and a panel of this court considered the matter

without oral argument.

## ANALYSIS

We are tasked with deciding whether a superior court's LUPA jurisdiction is

confined to land use decisions arising from the county where the court is located.

Jurisdictional questions require a constitutional analysis and are reviewed de novo.

*Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

The word "jurisdiction" refers to a court's power to "hear and determine a case."

*Freedom Found. v. Teamsters Local 117 Segregated Fund*, 197 Wn.2d 116, 140, 480

P.3d 1119 (2021). This basic definition is widely cited, but its importance is often

misunderstood. Older cases from our courts identified three forms of jurisdiction:

(1) subject matter, (2) personal, and (3) the power or authority to render a particular

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

judgment. *See State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996), *abrogated by State v. Posey*, 174 Wn.2d 131, 138-40, 272 P.3d 840 (2012). The Washington Supreme Court has since clarified there are really only two forms of jurisdiction: (1) subject matter and (2) personal. *Freedom Foundation*, 197 Wn.2d at 140-41.

Both subject matter and personal jurisdiction are defined by constitutional restrictions. The legislature, through statute, can guide a court's exercise of jurisdiction. But the legislature has no power to restrict the constitutional reaches of jurisdiction. *James v. Kitsap County*, 154 Wn.2d 574, 587-88, 115 P.3d 286 (2005).

The subject matter jurisdiction of superior courts in Washington is set by article IV, section 6 of our constitution. This provision confers superior courts with broad jurisdiction over original actions, appellate jurisdiction over cases arising from inferior courts and justices of the peace, and jurisdiction over various writs.

The law is clear that superior courts enjoy constitutional authority over administrative and agency decisions, such as LUPA actions. *See Dep't of Highways v. King County Ch., Wash. Envtl. Council*, 82 Wn.2d 280, 284-85, 510 P.2d 216 (1973). The parties debate whether this authority is an exercise of original or appellate jurisdiction. Our case law has been less than clear in this regard. Numerous cases assert superior courts have appellate jurisdiction over administrative and agency decisions. *Knight v. City*

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

*of Yelm*, 173 Wn.2d 325, 337, 267 P.3d 973 (2011) (superior court hearing LUPA petition exercises its "appellate jurisdiction"); *Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council*, 165 Wn.2d 275, 294, 197 P.3d 1153 (2008) (review of administrative decision "invokes the superior court's appellate, not original, jurisdiction"); *Conom v. Snohomish County*, 155 Wn.2d 154, 157-58, 118 P.3d 344 (2005) (superior court deciding LUPA petition exercises its "appellate jurisdiction"); *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316-17, 76 P.3d 1183 (2003) (superior court review of industrial insurance decision invokes court's "appellate jurisdiction"). But more recent jurisprudence states both types of jurisdiction are applicable. *James*, 154 Wn.2d at 588-89 (LUPA invokes "original appellate jurisdiction of the superior court"); *ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 619-20, 268 P.3d 929 (2012) (superior court review of agency decision involves "original jurisdiction" and the court acting in its "appellate capacity").

We find it unnecessary to decide whether a superior court's authority to review an administrative or agency decision is original, appellate, or both because the constitutional source for the court's authority is the writs clause in article IV, section 6, of the Washington Constitution. Prior to the enactment of statutes such as LUPA, that facilitate judicial review of administrative decisions, a superior court's authority over land use

5

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

decisions was accomplished through a writ of certiorari. *Chelan County v. Nykreim*, 146 Wn.2d 904, 916-17, 52 P.3d 1 (2002); *Saldin Sec. Inc. v. Snohomish County*, 134 Wn.2d 288, 292, 949 P.2d 370 (1998). Given the legislature is only empowered to guide a superior court's exercise of jurisdiction, we conclude LUPA jurisdiction remains rooted in the writs clause.

A superior court's constitutional power to issue writs of certiorari is not limited by the court's county of location. Although the writs clause limits jurisdiction over writs of habeas corpus to petitions filed by or on behalf of a person in custody in the court's respective county, there is no county restriction on a superior court's constitutional authority to issue a writ of certiorari. Given the lack of any constitutional restrictions, superior courts throughout the state share equal subject matter jurisdiction. *See ZDI Gaming Inc.*, 173 Wn.2d at 619.

Despite the lack of geographic restrictions on issuing writs, SYSA insists that administrative or agency matters, such as LUPA cases, are constrained geographically by the inferior courts clause of the Washington Constitution. This clause provides as follows: "The superior court . . . shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law." WASH. CONST. art. IV, § 6.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38376-8-III
*Glenrose Ass'n v. Spokane County*

SYSA's reliance on the inferior courts clause fails because this provision applies only to review of decisions from actual courts. In other words, it applies to decisions from a "judicial court established by the constitution or in pursuance thereof." *Wash. Envtl. Council*, 82 Wn.2d at 284. An administrative body or hearing examiner does not equate to a judicial court. *See id.*; *ABC Holdings, Inc. v. Kittitas County*, 187 Wn. App. 275, 282, 348 P.3d 1222 (2015); *Lakeside Indus. v. Thurston County*, 119 Wn. App. 886, 903, 83 P.3d 433 (2004). The inferior courts clause is therefore inapplicable to the superior court's authority to decide a LUPA petition and the geographical restrictions pertaining to the inferior courts clause has no bearing on a court's authority under LUPA.

## CONCLUSION

The Lincoln County Superior Court held subject matter jurisdiction over Glenrose's LUPA petition. The court's order of dismissal is therefore reversed. This matter is remanded to Lincoln County for further proceedings. On remand, the superior court may address any applicable arguments regarding a request for change of venue.

_____
Pennell, J.

WE CONCUR:

_____         _____
Siddoway, C.J.                           Fearing, J.

7